Judgment rendered February 28, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,467-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

DOMINIC DEWANE HARRIS                        Appellant

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 228,679

Honorable R. Lane Pittard, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Edward K. Bauman

J. SCHUYLER MARVIN                    Counsel for Appellee
District Attorney

RICHARD R. RAY
Assistant District Attorney

* * * * *

Before PITMAN, THOMPSON, and ELLENDER, JJ.

**PITMAN, C. J.**

Pursuant to a plea agreement, Defendant Dominic Dewane Harris pled guilty to attempted sexual battery, and the district court sentenced him to serve five years at hard labor. Defendant filed a motion to withdraw his guilty plea, and the district court denied this motion. Defendant appeals. For the following reasons, we affirm.

**FACTS**

On August 17, 2018, the state filed a bill of information charging Defendant with one count of third degree rape, in violation of La. R.S. 14:43(A)(1).

In court on January 3, 2022, the state noted for the record that there was a tentative agreement that Defendant would plead guilty to an amended charge of attempted sexual battery, in violation of La. R.S. 14:43.1 and 14:27, for an agreed-upon sentence of five years at hard labor and that a separate charge would be dismissed. Defendant, through his retained counsel, asked that the district court recommend or approve any programs that could reduce his time in jail. The district court responded that the only program he was aware of was for substance abuse. The district court asked about the Steve Hoyle Program, and the state explained that it is a local program and that there are other programs in the Department of Corrections (the "DOC"). The district court stated that it would recommend the DOC program.

A guilty plea and sentencing hearing was held on January 4, 2022. The state explained that Defendant was going to plead guilty to the amended charge of attempted sexual battery for an agreed-upon sentence of five years at hard labor and that an unrelated charge of unauthorized entry of an

inhabited dwelling would be dismissed. Defense counsel agreed and added that the court would make any recommendations regarding substance abuse programs that would reduce his sentence. The district court replied that it would refer Defendant to a substance abuse program and asked if the Steve Hoyle Program was the correct program; defense counsel responded that it was, and the district court referred Defendant to the Steve Hoyle Program. Defense counsel stated that Defendant asked him if he would receive any good time, and defense counsel responded that it is "not a calculator of the DOC." The district court responded that it is "not a DOC calculator either" and that it would be speculating if it answered that question. The district court noted that the best way to receive an answer was to ask a probation officer, explained that it is a "moving target" and stated that "what the DOC does, the DOC does." Defendant then withdrew his plea of not guilty and entered a plea of guilty. A *Boykin* colloquy followed, and the district court accepted the guilty plea. The district court then sentenced Defendant to five years at hard labor and referred him to the Steve Hoyle Program.

On January 11, 2022, Defendant filed a motion to withdraw the guilty plea. He stated that he pled guilty with the understanding that he was eligible for a reduction in sentence through good time and the Steve Hoyle Program. He noted that after the guilty plea, his counsel spoke with a DOC representative and learned that sex offenses are served day-for-day without exception, including programs that may reduce time. He claimed that his counsel called the DOC prior to his guilty plea, but that no one answered. He alleged that the state said it would withdraw the five-year-sentence offer unless it was accepted on January 4, 2022, so Defendant accepted the offer

without speaking to the DOC. He requested that he be allowed to withdraw his guilty plea because of the misunderstanding of his expected sentence.

A hearing on the motion to withdraw the guilty plea was held on February 14, 2022. The district court reviewed the transcripts and the minutes from the guilty plea hearing and determined that it was not an essential part of the plea that Defendant be accepted into the Steve Hoyle Program. The court emphasized that it is not the arbiter of the Steve Hoyle Program or the DOC—it can refer someone to a program, but the DOC has its own criteria for determining time. The district court denied the motion.

Defendant appeals.

## DISCUSSION

In his sole assignment of error, Defendant argues that the district court erred in denying his motion to withdraw his guilty plea. He states that his plea was not knowingly or voluntarily made due to his mistaken belief that he would be eligible for a reduction of his sentence for taking part in the Steve Hoyle Program. He contends that as his sentence was not what was agreed upon, he should have the opportunity to withdraw his guilty plea.

The state argues that the district court did not abuse its discretion in denying Defendant's motion to withdraw his guilty plea. It states that Defendant knowingly, voluntarily and intelligently pled guilty and was sentenced pursuant to the plea agreement. It contends that Defendant was aware he was not guaranteed any type of reduction in time served based upon his participation in a substance abuse program or any good time calculation. It assumes that Defendant sought to withdraw his guilty plea in an attempt to bargain for a better deal or a better good time calculation. The state notes that in exchange for Defendant's guilty plea, it amended and

3

dismissed felony charges that reduced his sentencing exposure from 31 years at hard labor to 5 years at hard labor.

Upon motion of a defendant and after a contradictory hearing, which may be waived by the state in writing, the court may permit a plea of guilty to be withdrawn at any time before sentence. La. C. Cr. P. art. 559(A). The withdrawal of a guilty plea after sentencing is discretionary with the trial court. *State v. Bates*, 29,252 (La. App. 2 Cir. 1/22/97), 711 So. 2d 281. Such discretion cannot be disturbed on appeal unless an abuse or arbitrary exercise of that discretion is shown. *State v. McGarr*, 52,641 (La. App. 2 Cir. 4/10/19), 268 So. 3d 1189. A defendant has no absolute right to withdraw a guilty plea. *Id.*

When the record establishes that an accused was informed of and waived his right to a trial by jury, to confront his accusers and against self-incrimination, the burden shifts to the accused to prove that despite this record, his guilty plea was involuntary. *State v. McGarr*, *supra*. An express and knowing waiver of those rights must appear on the record, and an unequivocal showing of a free and voluntary waiver cannot be presumed. *Id.* When ruling on a motion to withdraw a guilty plea, the trial court should look beyond the *Boykin* colloquy and consider all relevant factors. *Id.* In order to properly exercise its discretion and for the appellate court to review the exercise of that discretion, the trial court should conduct a hearing on the motion to withdraw a guilty plea. *Id.*

Reasons supporting withdrawal of a guilty plea ordinarily include factors bearing on whether the guilty plea was voluntarily and intelligently made, such as breach of a plea bargain, inducement, misleading advice of counsel, strength of the evidence of actual guilt or the like. *State v. McGarr*,

4

*supra*. A mere change of heart or mind by the defendant as to whether he made a good bargain does not ordinarily support allowing the withdrawal of a bargained guilty plea. *Id.*

Unless otherwise prohibited, every offender in the custody of the DOC who has been convicted of a felony may earn, in lieu of incentive wages, a diminution of sentence by good behavior and performance of work or self-improvement activities, or both, to be known as "good time." La. R.S. 15:571.3(B)(1)(a). These provisions do not apply to offenders who are serving a sentence for a sex offense, as defined in La. R.S. 15:541, which includes a conviction for the attempted perpetration of sexual battery. La. R.S. 15:571.3(B)(1)(b).

As detailed above, the state noted the plea offer on the record, Defendant agreed and requested that the district court recommend any program that would reduce his sentence, the district court stated that it would recommend a DOC program and the state did not object. As a result of the plea agreement, Defendant received the significant benefits of pleading to the reduced charge of attempted sexual battery rather than third degree rape, having an unrelated charge of unauthorized entry of an inhabited dwelling dismissed and reducing his sentence exposure from 31 years for third degree rape and unauthorized entry of an inhabited dwelling to an agreed-upon 5 years. Defendant received an additional benefit of the district court agreeing to recommend him for possible consideration for a substance abuse treatment program with the DOC and any resulting benefits affecting his sentence.

A review of the record confirms that the district court informed Defendant of his rights at the guilty plea hearing. Defendant has not met his

burden of proving that despite this record, his plea was involuntary. At a hearing on the motion to withdraw, the district court reviewed the transcript of the *Boykin* colloquy and considered other relevant factors. The district court differentiated its ability to recommend someone for a program and the DOC's role in accepting persons into a program and calculating time.

The district court did not abuse or arbitrarily exercise its discretion when it denied Defendant's motion to withdraw his guilty plea. The circumstances contemplated in jurisprudence that might support a withdrawal by showing that the plea was not voluntarily and intelligently made are not present in this case. Defendant has not shown a breach of the plea bargain, inducement by the state, misleading advice of counsel or the lack of evidence of actual guilt. To the contrary, the record demonstrates a detailed discussion of the plea agreement, including Defendant's request that the district court recommend a DOC program, and that the district court agreed to that request with no objection from the state. The record suggests that Defendant's retained counsel provided sound advice to Defendant and presented Defendant's requests to the district court. The record also demonstrates the strength of the state's case against Defendant, including evidence of bruises and bite marks on the victim's body and Defendant's DNA on her legs near her vaginal area.

Defendant's argument of an alleged misunderstanding of his expected sentence does not support allowing the withdrawal of his guilty plea. The transcripts from the hearings on January 3 and 4, 2022, demonstrate that the agreement was only for a "recommendation" from the district court. The agreement did not guarantee that the DOC would accept Defendant into a

6

program.  Defendant received everything he requested and benefited significantly from the plea agreement.

Accordingly, this assignment of error lacks merit.

## ERROR PATENT

The district court imposed an illegally lenient sentence by failing to order that Defendant's sentence be served without benefit of parole, probation or suspension of sentence, as required by La. R.S. 14:43.1(C)(1) and 14:27(D)(3).  However, these required restrictions are self-activating by operation of La. R.S. 15:301.1, and there is no need to remand for correction.  *State v. Green*, 54,955 (La. App. 2 Cir. 4/5/23), 361 So. 3d 546.

## CONCLUSION

For the foregoing reasons, we affirm the conviction and sentence of Defendant Dominic Dewane Harris.

**AFFIRMED.**